IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW SCHODLE                    :          CIVIL ACTION
                                   :
            v.                     :
                                   :
STATE FARM MUTUAL AUTOMOBILE       :
INSURANCE COMPANY                  :          NO. 17-407

MEMORANDUM

Bartle, J.                                         March 30, 2017

        Plaintiff Matthew Schodle has moved to remand this

action to the Court of Common Pleas of Philadelphia County,

Pennsylvania.

        Schodle originally brought this action in the state

court against his insurer, defendant State Farm Mutual

Automobile Insurance Company.  State Farm subsequently removed

the case to this court pursuant to the court's diversity

jurisdiction.  Schodle is a citizen of Florida, while State Farm

is incorporated in and has its principal place of business in

Illinois.  The amount in controversy exceeds $75,000, exclusive

of interest and costs.  See 28 U.S.C. § 1332.

        Schodle's complaint asserts two claims for relief, one

for declaratory judgment and the second for breach of contract.

His claims arise out of a March 23, 2014 motor vehicle accident

during which Schodle was injured while he was a passenger in a

vehicle operated by Jason Keyser.  Schodle settled with Keyser

for Keyser's policy limits.  Schodle now seeks additional compensation pursuant to the underinsured provisions of his parents' State Farm personal automobile insurance policies under which he is an insured.

There were two State Farm personal automobile insurance policies in effect at the time of the accident.  The first policy was issued to the plaintiff's father, Robert H. Schodle, and the second policy was issued to the plaintiff's father and mother, Robert H. Schodle and Rita Marie Schodle.[1] According to the complaint, the plaintiff's father had also executed a form entitled "Pennsylvania Underinsured Motorist Coverage (Acknowledgment of Coverage Selection)."  This form purports to limit the amount of coverage available to an insured with regard to one of the two insurance policies.  However, the section of the form identifying which of the two policies it references appears to be illegible.

According to the complaint, State Farm takes the position that the form signed by the plaintiff's father limits recovery to $130,000.  Although Schodle concedes that the form must apply to one of the insurance policies, he asserts that because it is illegible it must be construed in his favor as the insured.  Thus, he avers that the form should be applied so as

---

1.  At the time of accident, Matthew Schodle lived with his parents.

to allow him to recover up to \$215,000.[2]   In Count One of his

complaint, Schodle seeks a declaratory judgment that he is

entitled to recover \$215,000 in underinsured motorist benefits

under the insurance policies.   In Count Two, Schodle asserts a

claim for breach of contract in which he seeks an award of

compensatory damages under the insurance policies.

      Schodle argues that we should remand this case to the

Court of Common Pleas of Philadelphia County.   He contends that

we should decline to exercise jurisdiction over this cause of

action because his complaint includes a claim seeking a

declaratory judgment that he is entitled to recover up to

\$215,000 in addition to a claim for breach of contract seeking

\$215,000 in damages.   In response, State Farm argues that Count

One of the complaint is not a proper claim for declaratory

judgment and that remand is not appropriate because the district

court is required to exercise jurisdiction over the breach of

contract claim.

      As a "general rule [ ] 'federal courts have a strict

duty to exercise the jurisdiction that is conferred upon them by

Congress.'"   See Reifer v. Westport Ins. Corp., 751 F.3d 129,

134-35 (3d Cir. 2014) (quoting Quackenbush v. Allstate Ins. Co.,

517 U.S. 706, 716 (1996)).   However, the Declaratory Judgment

---

2.  At various points in the complaint, the plaintiff states
that he is entitled to recover \$210,000 rather than \$215,000.

Act provides that a federal court "may declare the rights and

other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be

sought."  See 28 U.S.C. § 2201.  Thus, the Declaratory Judgment

Act makes an exception to the general rule and grants federal

courts discretion to decline to exercise jurisdiction over a

claim for declaratory relief under certain circumstances.  See

Rarick v. Federated Serv. Ins. Co., ___ F.3d ___, 2017 WL

1149099, at *1 (3d Cir. Mar. 28, 2016) (citing Colo. River Water

Conservation Dist. v. United States, 424 U.S. 800, 817 (1976);

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)).

        Within the last few days, our Court of Appeals has

"h[e]ld that the independent claim test is the applicable legal

standard for review of a complaint that seeks both legal and

declaratory relief."  See id. at *5.  This test provides:

> When a complaint contains claims for both
> legal and declaratory relief, a district
> court must determine whether the legal
> claims are independent of the declaratory
> claims.  If the legal claims are
> independent, the court has a "virtually
> unflagging obligation" to hear those claims,
> subject of course to Colorado River's
> exceptional circumstances.  Colo. River,
> 424 U.S. at 817–19.  If the legal claims are
> dependent on the declaratory claims,
> however, the court retains discretion to
> decline jurisdiction of the entire action,
> consistent with our decision in Reifer,
> 751 F.3d at 144–46.

Id. at *4.  "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief."  Id. (quoting R.R. St. & Co., Inc. v. Vulcan Materials Co., 569 F.3d 711, 715 (7th Cir. 2009)).  If the claims are independent, the district court must retain jurisdiction over the non-declaratory claim unless the exceptional circumstances set forth in Colorado River apply. See id.  Generally, the court should retain jurisdiction over the entire matter to avoid piecemeal litigation.  See id.

        The exceptional circumstances warranting abstention in Colorado River "rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  See Colo. River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).  Those circumstances "permit[ ] the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration" after weighing "such factors as the inconvenience of the federal forum, . . . the desirability of avoiding piecemeal litigation, . . . and the order in which jurisdiction was obtained by the concurrent forums."  See id. at 817–18 (citations omitted).

Turning to the case before us, the motion to remand must be denied.  The non-declaratory breach of contract claim is independent of the declaratory judgment claim inasmuch as it is alone sufficient to invoke subject matter jurisdiction and can be adjudicated even if the claim for declaratory judgment was to be dismissed.  The breach of contract claim is the essence of this lawsuit.  The insured surely wants monetary relief, not simply a declaration of his rights.  The case before us is somewhat unusual in that it is the insured, rather than the insurer, who seeks declaratory relief.  It is puzzling that he has brought this extraneous claim which really adds nothing to his case.  We need not decide if it is an effort at artful pleading designed to defeat federal jurisdiction.

We further find that the exceptional circumstances set forth in Colorado River do not exist here.  See Colo. River, 424 U.S. at 817-19.  There is no concurrent state court proceeding, the federal forum does not unduly inconvenience the parties, and this litigation will not proceed in a piecemeal fashion.

Accordingly, the motion of plaintiff Matthew Schodle to remand this action to the Court of Common Pleas of Philadelphia County will be denied.